IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CRIMINAL NO. 1:CR-08-0433 |
| : | |
| JAMES MURPHY, a/k/a JIMMY : | (Judge Caldwell) |
| MURPHY, a/k/a BLACK, : | |
| Defendant : | |

*M E M O R A N D U M*

Defendant, James Murphy, is serving a sentence of 360 months on drug-trafficking charges. Defendant's sentence was enhanced under U.S.S.G. § 4B1.1, the career offender provision of the sentencing guidelines. We previously denied a motion under 28 U.S.C. § 2255. *United States v. Murphy*, 2013 WL 3509988 (M.D. Pa. July 11, 2013).

Defendant has filed a motion for appointment of counsel to assist him in the preparation and filing of a motion under Fed. R. Civ. P. 60(b)(6). The Rule 60(b) motion will seek relief from our order denying Defendant's motion under 28 U.S.C. § 2255. The motion will be based on *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013), which tightened the use of the modified categorical approach in deciding whether previous convictions can be used to enhance sentences. Defendant argues that under *Descamps* two of the three Maryland convictions used to designate him as a career offender no longer qualify as crimes of violence and that therefore his sentence should not have been enhanced under section 4B1.1.

Since Defendant requests appointment of counsel in connection with reopening his 2255 motion, we will consider his request under 28 U.S.C § 2255(g) and 18 U.S.C. § 3006A(a)(2)(B).[1]  The latter provision permits the court to appoint counsel in § 2255 proceedings when "the interests of justice so require."[2]  Courts should consider, as a threshold matter, whether the petitioner's claim has some merit in fact and law in determining whether to appoint counsel.  *See Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991); *see also United States v. Winkelman*, 548 F. Supp. 2d 142, 161 (M.D. Pa. 2008).

We will deny appointment of counsel as Defendant cannot proceed by way of Rule 60(b).  While Rule 60(b) has an "unquestionably valid role to play in habeas cases," *Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005), a motion under Rule 60(b) will be treated as a 2255 motion if in substance it presents a claim for relief from the criminal judgment.  *Id.* at 531-32, 125 S.Ct. at 2647-48.[3]  This is true if the Rule 60(b) motion presents a new claim for relief from the criminal judgment or presents a claim that the court's resolution of a previous claim in section

---

[1] Section 2255(g) provides that appointment of counsel shall be governed by § 3006A.

[2] Unlike trial and direct appeal, there is no constitutional right to counsel in postconviction proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *United States v. Winkelman*, 548 F. Supp. 2d 142, 160 (M.D. Pa. 2008).

[3] *Gonzalez* dealt with a petition under 28 U.S.C. § 2254, but it also applies to motions under section 2255.  *See United States v. Galindez*, ___ F. App'x ___, 2014 WL 594329, at *1 (3d Cir. 2014)(nonprecedential).

2255 proceedings attacking the criminal judgment was erroneous. *Id.* at 532, 125 S.Ct. at 2648.

Defendant's Rule 60(b) motion challenges his criminal judgment because it argues that under *Descamps* the sentence imposed was incorrect. It is therefore a second or successive 2255 motion which we lack the jurisdiction to adjudicate. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(nonprecedential). It follows that appointment of counsel to assist in the motion would not be appropriate.[4]

A second or successive motion for relief under section 2255 can be pursued, but Defendant must first seek the permission of the Third Circuit. See 28 U.S.C. §§ 2255(h)(1) and 2244(b)(3). We express no opinion on whether such an application would be successful.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 21, 2014

---

[4] Defendant points out that *Descamps* was decided on June 20, 2013, before we denied his motion under section 2255 on July 11, 2013. It is immaterial that *Descamps* was decided before we ruled on the motion as the claim presented in the Rule 60(b) motion is a new claim, one not presented in the 2255 motion, and one which is an attack on the criminal judgment.

-3-