UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 1:08-CR-433
:
JAMES MURPHY, :
    Defendant :

*M E M O R A N D U M*

*I.*      *Introduction*

Before this court is Defendant James Murphy's *pro se* motion (Doc. 221) to correct a clerical error pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"). Murphy also moves *pro se* to compel his presence and appoint counsel at any hearing on his motion to correct a clerical error. (Doc. 223). Finally, Murphy filed a *pro se* motion to proceed *in forma pauperis* (IFP).[1] (Doc. 224). For the reasons that follow, we will deny Murphy's Rule 36 motion to correct a clerical error, and will dismiss as moot his motions to compel his production, to appoint counsel, and to proceed IFP.

*II.*      *Background*

On December 10, 2008, Murphy was indicted on one count of engaging in a conspiracy to distribute and possess with intent to distribute heroin and 50 grams or more of cocaine base (Count I), and one count of distribution and possession with intent to distribute heroin and 50 grams or more of cocaine base (Count II), all in violation of 21 U.S.C. §§ 841 and 846. (Doc. 1). The indictment specified that the criminal conduct for each charge started in November 2007, and, for Count I, continued to July 23, 2008, and,

---

[1] Murphy is advised that because he files the instant motions as part of his criminal case, there is no filing fee involved and therefore no reason to move to proceed IFP.

for Count II, continued to "on or after July 2008." (Id.)  In July 2009, following a two-day jury trial, Murphy was found guilty on both Counts in the Indictment.  (Doc. 63).  On June 22, 2010, this court sentenced Murphy to 360 months' imprisonment.  (Doc. 119).  On June 23, 2010, Murphy's judgment of conviction was entered, which listed that Count I's "offense ended" on July 23, 2008, and Count II's "offense ended" on July 31, 2008.  (Doc. 120).  Murphy's conviction and sentence were affirmed on direct appeal by the Third Circuit Court of Appeals.  United States v. Murphy, 460 F. App'x 122, 126 (3d Cir. 2012).

On February 13, 2013, Murphy filed an initial motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  (Doc. 164).  On July 11, 2013, we denied that motion.  (Doc. 184 & 185).  On June 23, 2016, Murphy filed a second § 2255 motion, seeking modification of his sentence in light the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015).  (Doc. 209).  On June 27, 2016, we stayed that motion until the Third Circuit authorized Murphy's filing of a second or successive § 2255 motion.  (Doc. 214).  On February 9, 2017, Murphy filed a third § 2255 motion.  (Doc. 219 at 4).  On March 10, 2017, we denied that motion because Murphy had not sought authorization from the Third Circuit to file the motion.  (Doc. 220).

On April 24, 2017, Murphy filed the instant *pro se* motions in this court.  First, Murphy moves to correct or clarify an alleged clerical error or mistake in his judgment of conviction pursuant to Rule 36.  (Doc. 221).  In that motion, Murphy alleges a discrepancy between his Indictment and judgment of conviction on Count II, noting that the Indictment lists the offense as "continuing to on or after July 2008," but that his judgment of conviction lists that the "offense ended" on July 31, 2008.  (Doc. 222 at 3).  Murphy argues that these different dates constitute a clerical error in his judgment of conviction because "the

2

description of the distribution date of [July 31, 2008] was not charged" in the Indictment. (Id.)  Murphy requests a hearing to correct his judgment of conviction and to resentence him.  (Id.)  Second, should we grant his motion to correct the alleged clerical error and hold a hearing, Murphy moves to be produced and present for such a hearing and to have counsel appointed.  (Doc. 223 at 1-2).  Finally, Murphy moves to proceed IFP.  (Doc. 224).

*III.        Discussion*

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  "A court's authority under Rule 36 is limited to the correction of *clerical* errors in the judgment."  United States v. Bennett, 423 F.3d 271, 277 (3d Cir. 2005).  "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties."  Id. at 277-78.  "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge."  Id. at 278.  "Rule 36 provides no basis to correct substantive errors in the sentence."  Id.

Here, we perceive no error, clerical or otherwise, that necessitates correction or clarification in Murphy's judgment of conviction.  Murphy misinterprets the "offense ended" date in the judgment of conviction (Doc. 120) as being a "distribution date" regarding Count II's drug possession and distribution offense, (Doc. 222 at 3).  Count II of the Indictment alleged a continuing, ongoing offense of distribution and possession with intent to distribute heroin and cocaine base from "on or before November 2007" to "on or after July 2008."  (Doc. 1).  In accord with that language, Murphy's judgment of conviction

listed a more precise date that the "offense ended" on July 31, 2008. (Doc. 120). We do not perceive any discrepancy warranting relief under Rule 36.

Moreover, even assuming a discrepancy exists between the Indictment and judgment of conviction, Murphy does not state how any such discrepancy prejudices him, does not posit any alternate—or more accurate—date on which the offense in Count II ended, and does not allege the error to be clerical in nature. He does not, for instance, point to a discrepancy between the judgment of conviction and the oral sentence that this court imposed. As such, we find that the "alleged error here does not involve a failure to accurately record an action or statement by the District Court." United States v. Rhines, 594 F. App'x 64, 65 (3d Cir.), cert. denied, 136 S. Ct. 195 (2015) (citing Bennett, 423 F.3d at 277-78) (affirming district court's denial of Rule 36 motion where defendant serving life sentence alleged error regarding "date the offense concluded" in his judgment of conviction). Accordingly, we find that no clerical error exists that warrants correction under Rule 36. We will therefore deny Murphy's motion to correct a clerical error.

IV.	*Conclusion*

Because no clerical error exists in Murphy's judgment of conviction, we will deny his Rule 36 motion (Doc. 221) to correct a clerical error. We will dismiss as moot his motion (Doc. 223) to compel his presence and appoint counsel at a hearing on his Rule 36 motion and his motion (Doc. 224) to proceed IFP. We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 23, 2017